**NORRIS McLAUGHLIN, P.A.**
Melissa A. Pena, Esq.
875 Third Avenue, 8th Fl.
New York, NY 10022
212-808-0700 (Tel.)
212-808-0844 (Fax)
mapena@norris-law.com
*Proposed Counsel to Debtor
and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In Re:

RICK ALAN DAVIDSON,

Debtor.

------------------------------------------------------------X

Chapter 11

Case No. 19-11486

Honorable Stuart M. Bernstein

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

RICK ALAN DAVIDSON, Debtor and Debtor-in-Possession (the "Debtor"), declares as follows:

1. I am the Debtor in this case, having filed a voluntary petition pursuant to chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on May 7, 2019.

2. I currently reside with Nancy Stearns, my domestic partner, at a rented apartment located at 50 South Point Drive 706, Miami Beach, Florida 33139.

3. Prior to April 1, 2019, I resided in New York, New York. I filed my chapter 11 Petition with this Court as I resided in the Southern District of New York for the greatest part of the past 180 days.

## BACKGROUND

4. I am 56 years of age and have over 33 years of experience as a financial advisor in the financial services industry.

5. In 1984, I was hired by Donaldson, Luftkin and Jenrette, succeeded by Credit Suisse, and remained there until 2008.

6. In 2008 I moved to Morgan Stanley. In connection with my move, Morgan Stanley lent me the sum of $6,000,000 to be repaid over a 9-year period. This loan was in consideration of moving my existing accounts, which consisted of hundreds of millions of dollars of assets under management. The rationale for this type of loan – which is standard in the industry – is as follows: If I am successfully able to move over the assets under management, the employer will, in short order, be able to recoup the amount it loans to me.

7. Shortly after the move, my wife of 24 years instituted a divorce action against me. Based upon legal advice, I settled with my wife in order to spare my family the pain generally associated with a contested divorce proceeding. As part of the settlement, I entered into an agreement with her pursuant to which she received a lump sum payment of $3,000,000 and monthly alimony payments of $30,000, all of which were paid in post-tax dollars. In addition, I was responsible for payment of nearly all of my children's expenses which, over the years, exceeded the sum of $1,000,000. I was also required to maintain the "family home" where she and our children continued to reside and pay off a mortgage of nearly $400,000 on my wife's beach house. All or a significant part of the aforementioned payments were derived from the loan I received from Morgan Stanley.

8. The above referenced expenses, coupled with the tax liabilities resulting from the payment from Morgan Stanley, left me unable to pay sums due Morgan Stanley. I defaulted on

my payments to Morgan Stanley resulting in the firm offsetting all of my income to repay the loan. Accordingly, I received no pay for nearly 18 months. I was required to liquidate my remaining assets, inclusive of retirement funds, and rely on my domestic partner, family and friends to pay my alimony obligation and living expenses.

9. In 2016, I was recruited by Jefferies, LLC ("Jefferies") to assist in redeveloping their wealth management department. Thereafter, I met or exceeded all of the financial goals set at the time of my engagement, including effectuating the move of nearly $250,000,000 in assets under management to Jefferies, representing the vast majority of my accounts from Morgan Stanley. Notwithstanding, as a result of a personality conflict between me and certain junior support personnel, it was made clear that I was no longer welcome at Jefferies. As of that time, Jefferies had already received a tremendous benefit from me – the transfer of an enormous amount of new assets under management, upon which it continues to earn millions of dollars of commission revenue.

10. In May 2017, I was instructed not to return to my office until further notice. I then was given 30 days to find a "new home" for my business and was prohibited from communicating with my clients unless they initiated the communication. As a result, I lost almost half of my business, which inured unjustly to Jefferies' benefit

11. Upon execution of my agreement with Jefferies I was loaned the sum of $5,142,000 to be repaid over a 9-year term. Again, this type of loan, standard in the industry, was in consideration of my transfer of hundreds of millions of dollars of assets under management to Jefferies, on which it will earn millions of dollars in future commission revenue. In the short year that I was employed by Jefferies, it earned more than $3.6 million on the assets that I transferred into it.

12. Of the loan amount I received from Jefferies, $3,360,000 was paid to Morgan Stanley to satisfy my liability under the note payable thereto. Other sums were utilized to repay loans that were made to me to pay my living expenses during the period that Morgan Stanley was applying my compensation to my loan.

13. After my departure from Jefferies, I commenced negotiations to settle Jefferies' claim under the note, without success. Jefferies then withheld my bonus entitlement of $1.3 million and instituted a FINRA arbitration proceeding against me to collect on the note. I filed opposition to Jefferies' claim and a counterclaim to recover damages for unpaid bonuses and the conversion of almost half of my business.

14. Subsequent to the commencement of the FINRA arbitration, I again endeavored to negotiate an amicable resolution of the claims between Jefferies and me, but Jefferies has repeatedly refused to entertain any proposal which was viable based upon my financial ability. I even arranged a loan from my new employer in order to make a significant down-payment to Jefferies. Unfortunately, that loan is no longer available to me.

15. On April 1, 2019, I left my home, family and friends in the New York area, where I had resided my entire life, and moved to Miami Beach, Florida. My intent in doing so was to lower my expenses, principally taxes, to enable me to increase the amount available to fund a settlement with Jefferies. Unfortunately, Jefferies demands could not be met even with the financial advantages resulting from my move.

16. I have made complete disclosure of my financial situation to Jefferies. Notwithstanding its knowledge of precisely how much money I make, how much money I spend, and what I own and owe, Jefferies has insisted in making settlement demands it knows I cannot meet.

17. My inability to continue to fund the litigation with Jefferies and my exposure to Jefferies are the main factors precipitating the filing of my chapter 11 petition. The other precipitating factor is my inability to pay accrued taxes for 2018. Taxes are not withheld from my income and I generally tender a substantial payment of the amount due taxing authorities at the end of each tax year. This year, because of expenses primarily relating to the Jefferies litigation, I lacked the funds to do so. Accordingly, I currently owe in excess of $400,000 to the Internal Revenue Service, New York State Department of Taxation and Finance, and New York City for unpaid 2018 taxes.

18. I am currently a party to a "Registered Representative/ Independent Contractor Agreement" with National Securities Corporation, a securities firm with principal offices located at 50 Vesey Street, New York, New York. Pursuant to the Agreement, I provide financial advice primarily to clients who remained with me after my departure from Jefferies. I earn commissions only and have no guaranteed compensation or base salary.

19. While my income fluctuates wildly from month to month, my projected gross earnings are $140,000 per month. From that sum, in addition to normal living expenses including health insurance, I am required to pay certain substantial business expenses, support to my former wife in the amount of $17,000 per month, and all tax liabilities. I project that my net income will average approximately $15,000 per month going forward.

20. Ms. Stearns and I jointly own residential property in Sag Harbor, New York, which is valued at $2,900,000.00. People's Bank holds a first mortgage on my one-half interest in the property to secure a note with a principal balance of approximately $2,000.000.00. The property is also encumbered by a home equity line of credit provided by Suffolk County Credit Union, with

a principal balance of approximately $280,000.00. Ms. Stearns and I are current on our payment obligations on both mortgages.

21. My only other appreciable assets are funds in my retirement accounts, which total less than $200,000, a personal injury claim against Jared Epstein, the value of which is unknown, and my claims against Jefferies for unpaid bonuses and conversion of my business.

22. In addition to the Jefferies' claim and tax liabilities, Donna Davidson, my former wife, is seeking to recover nearly $700,000 from me as a domestic support obligation. Her claim is disputed. I was originally required to pay her alimony of $30,000 per month, which was thereafter reduced to $17,000 per monthly. While I am current on my monthly payments, she has asserted a claim for the differential between the $30,000 and $17,000 per month alimony payments over an extended period.

23. Additional claims against me, primarily consisting of credit card obligations and legal bills, total approximately $275,000.

24. I have chosen to file a Chapter 11 proceeding after consultation with my counsel to provide me with the ability to attempt to resolve Jefferies' claims and the tax claims.

**SPECIFIC INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2**

**Local Rule 1007-2(a)(1)**

25. I currently reside at 50 South Point Drive 706, Miami Beach, Florida.

**Local Rule 1007-2(a)(2)**

26. This case was commenced under chapter 11 of the United States Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

27. No formal or informal committees of creditors or other interest holders has been organized prior to the entry of the order for relief in this chapter 11 case.

**Local Rule 1007-2(a)(4)**

28. The names and addresses of all of my unsecured creditors, excluding "insiders," is annexed hereto as **Exhibit "A"**.

**Local Rule 1007-2(a)(5)**

29. The names and addresses of my two secured creditors and the amounts owing thereto are:

> People's Bank
> PO Box 820
> Burlington, VT 05402-0820
> $1,989,000.00
>
> Suffolk Federal Credit Union
> 3681 Horse Block Road
> Medford, NY 11763
> $280,000.00

**Local Rule 1007-2(a)(6)**

30. A summary of my assets and liabilities is as set forth in the schedules annexed to my bankruptcy Petition which is incorporated herein by reference.

**Local Rule 1007-2(a)(7)**

31. This provision is not applicable.

**Local Rule 1007-2(a)(8)**

32. None of my property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

**Local Rule 1007-2(a)(9)**

33. I primarily work from my residence in Miami Beach, Florida. During the summer, I plan to spend some time at my property in Sag Harbor, New York.

### Local Rule 1007-2(a)(10)

34. My primary assets are my interest in the Sag Harbor, New York property and certain litigation claims. Most of my books and records are maintained at my residence in Miami Beach, Florida or my property in Sag Harbor, New York.

### Local Rule 1007-2(a)(11)

35. I am presently a party to the FINRA arbitration proceeding instituted by Jefferies against me. I am also a plaintiff in a personal injury action against Jared Epstein pending in New York Supreme Court, and a defendant in a matrimonial proceeding by my former wife, Donna Davidson, pending in New Jersey Superior Court. A seizure of my property in any of those actions, is not imminent.

### Local Rule 1007-2(a)(12)

36. This provision is not applicable.

### Local Rule 1007-2(b)(1) and (2)

37. The gross income for my services as a financial advisor is paid to me, individually. A portion of the income is thereafter distributed to Bellatour, LLC ("Bellatour"), a limited liability company wholly owned by me. Certain of my business expenses are paid from the Bellatour account.

### Local Rule 1007-2(b)(3)

38. My estimated cash receipts and disbursements for the 30-day period following the filing of my Chapter 11 petition is set forth in Schedules I and J of my Petition, copies of which are attached hereto and incorporated herein as **Exhibit "B."**

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

<u>/s/ Rick Alan Davidson</u>
RICK ALAN DAVIDSON

Miami Beach, Florida
Date: May 7, 2019

10285748.1

Exhibit A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

## In re: Rick Alan Davidson

### UNSECURED CREDITORS

Donna Davidson
227 Cedar Ave.
Allenhurst, NJ 07711

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

NY City Taxation
NY State Dept. of Taxation & Finance
Albany, NY 12205-0300

NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

American Express
PO Box 981537
El Paso, TX 7998

Bank of America
PO Box 15019
Wilmington, DE 19850-5019

Chase Card
PO Box 15369
Wilmington, DE 19850

Citibank
PO Box 9001037
Louisville, KY 40290-1037

Jefferies Group LLC
520 Madison Avenue
New York, NY 10022

Jefferies LLC
520 Madison Avenue
New York, NY 10022

Nagel Rice LLP
103 Eisenhower Parkway
Roseland, NJ 07068

PNC
PO Box 3180
Pittsburgh, PA 15230

Robert Kraus
60 East 42nd Street
New York, NY 10165

Exhibit B

Fill in this information to identify your case:

Debtor 1: Rick Alan Davidson

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed <br> ☐ Not employed | ☐ Employed <br> ☐ Not employed |
| Occupation | | Financial Advisor | |
| Employer's name | | National Securities Corporation | |
| Employer's address | | 200 Vesey Street, 25th Floor <br> New York, NY 10281 | |
| How long employed there? | | June, 2017 - Present | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 140,000.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | $ 140,000.00 | $ N/A |

Debtor 1  Rick Alan Davidson    Case number (if known) _____

|     |                                                                 |     | For Debtor 1 | For Debtor 2 or non-filing spouse |
|-----|-----------------------------------------------------------------|-----|--------------|------------------------------------|
|     | Copy line 4 here                                                | 4.  | $ 140,000.00 | $ N/A                              |

5. List all payroll deductions:
   - 5a. Tax, Medicare, and Social Security deductions — 5a. $ 0.00 — $ N/A
   - 5b. Mandatory contributions for retirement plans — 5b. $ 0.00 — $ N/A
   - 5c. Voluntary contributions for retirement plans — 5c. $ 0.00 — $ N/A
   - 5d. Required repayments of retirement fund loans — 5d. $ 0.00 — $ N/A
   - 5e. Insurance — 5e. $ 0.00 — $ N/A
   - 5f. Domestic support obligations — 5f. $ 0.00 — $ N/A
   - 5g. Union dues — 5g. $ 0.00 — $ N/A
   - 5h. Other deductions. Specify: _____ — 5h.+ $ 0.00 + $ N/A

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. — 6. $ 0.00 — $ N/A

7. Calculate total monthly take-home pay. Subtract line 6 from line 4. — 7. $ 140,000.00 — $ N/A

8. List all other income regularly received:
   - 8a. Net income from rental property and from operating a business, profession, or farm
     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. — 8a. $ 0.00 — $ N/A
   - 8b. Interest and dividends — 8b. $ 0.00 — $ N/A
   - 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. — 8c. $ 0.00 — $ N/A
   - 8d. Unemployment compensation — 8d. $ 0.00 — $ N/A
   - 8e. Social Security — 8e. $ 0.00 — $ N/A
   - 8f. Other government assistance that you regularly receive
     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
     Specify: _____ — 8f. $ 0.00 — $ N/A
   - 8g. Pension or retirement income — 8g. $ 0.00 — $ N/A
   - 8h. Other monthly income. Specify: _____ — 8h.+ $ 0.00 + $ N/A

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. — 9. $ 0.00 — $ N/A

10. Calculate monthly income. Add line 7 + line 9. — 10. $ 140,000.00 + $ N/A = $ 140,000.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in *Schedule J*.
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: _____ — 11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Schedules and Statistical Summary of Certain Liabilities* and Related *Data*, if it applies — 12. $ 140,000.00
    Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
    - [ ] No.
    - [✓] Yes. Explain: _____

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Rick Alan Davidson |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?

   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?  ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?
   ☐ No
   ■ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.   4. $  8,000.00

   If not included in line 4:

   4a. Real estate taxes                                         4a. $  0.00
   4b. Property, homeowner's, or renter's insurance              4b. $  0.00
   4c. Home maintenance, repair, and upkeep expenses             4c. $  0.00
   4d. Homeowner's association or condominium dues               4d. $  0.00
5. Additional mortgage payments for your residence, such as home equity loans   5. $  0.00

Debtor 1   Rick Alan Davidson                                                                                 Case number (if known)

6. Utilities:
   6a. Electricity, heat, natural gas                                                                6a. $         240.00
   6b. Water, sewer, garbage collection                                                              6b. $           0.00
   6c. Telephone, cell phone, Internet, satellite, and cable services                                6c. $         320.00
   6d. Other. Specify: _____                                                        6d. $           0.00
7. Food and housekeeping supplies                                                                    7.  $       2,150.00
8. Childcare and children's education costs                                                          8.  $           0.00
9. Clothing, laundry, and dry cleaning                                                               9.  $       1,500.00
10. Personal care products and services                                                              10. $         450.00
11. Medical and dental expenses                                                                      11. $       2,450.00
12. Transportation. Include gas, maintenance, bus or train fare.
    Do not include car payments.                                                                     12. $         800.00
13. Entertainment, clubs, recreation, newspapers, magazines, and books                               13. $       3,000.00
14. Charitable contributions and religious donations                                                 14. $         500.00
15. Insurance.
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a. Life insurance                                                                              15a. $      1,300.00
    15b. Health insurance                                                                            15b. $      1,958.00
    15c. Vehicle insurance                                                                           15c. $        250.00
    15d. Other insurance. Specify: SEC, Disability                                                   15d. $        513.00
16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: Income and other tax obligations                                                        16. $      60,000.00
17. Installment or lease payments:
    17a. Car payments for Vehicle 1                                                                  17a. $        969.00
    17b. Car payments for Vehicle 2                                                                  17b. $          0.00
    17c. Other. Specify: _____                                                      17c. $          0.00
    17d. Other. Specify: _____                                                      17d. $          0.00
18. Your payments of alimony, maintenance, and support that you did not report as
    deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).                  18. $     17,000.00
19. Other payments you make to support others who do not live with you.                                  $          0.00
    Specify: _____                                                                  19.
20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.
    20a. Mortgages on other property                                                                 20a. $     13,825.00
    20b. Real estate taxes                                                                           20b. $      1,375.00
    20c. Property, homeowner's, or renter's insurance                                                20c. $      1,012.00
    20d. Maintenance, repair, and upkeep expenses                                                    20d. $      2,500.00
    20e. Homeowner's association or condominium dues                                                 20e. $          0.00
21. Other: Specify: Unmarried partner and children's expenses                                        21. +$      4,400.00

22. Calculate your monthly expenses
    22a. Add lines 4 through 21.                                                                          $    124,512.00
    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2                  $
    22c. Add line 22a and 22b. The result is your monthly expenses.                                      $    124,512.00

23. Calculate your monthly net income.
    23a. Copy line 12 (your combined monthly income) from Schedule I.                                23a. $    140,000.00
    23b. Copy your monthly expenses from line 22c above.                                             23b. -$   124,512.00

    23c. Subtract your monthly expenses from your monthly income.
         The result is your monthly net income.                                                      23c. $     15,488.00

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a
    modification to the terms of your mortgage?
    ☐ No.
    ■ Yes.      Explain here: Tax savings resulting from becoming Florida resident