**NAGEL RICE, LLP**
*Special Litigation Counsel to Salvatore LaMonica, Esq.,*
*as Chapter 7 Trustee*
103 Eisenhower Parkway
Roseland, New Jersey 07068
Michael J. Paragano, Esq.

Hearing Date: March 14, 2024 at 10:00 a.m.
Objection Deadline: 5:00 p.m. on March 7, 2024

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                    Chapter 7

RICK ALAN DAVIDSON,                                         Case No.: 19-11486 (DSJ)

        Debtor.
----------------------------------------------------------x

# SUMMARY SHEET FOR THE FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND THE REIMBURSEMENT OF EXPENSES FOR NAGEL RICE, LLP AS SPECIAL LITIGATION COUNSEL FOR THE TRUSTEE

| | |
|---|---|
| Name of Applicant: | Nagel Rice, LLP |
| Authorized to Provide Professional Services to: | Salvatore LaMonica as the Chapter 7 Trustee |
| Role: | Special Litigation Counsel to the Trustee |
| Period for which Compensation and Reimbursement is Sought: | January 10, 2019 through February 13, 2024 |
| First and Final Fees Requested: | $ 49,251.57 |
| First and Final Expense Reimbursement Requested: | $ 2,245.28 |
| Less: Amounts Paid to Date: | $ 0.00 |
| Total Net Amount of Compensation and Expense Reimbursement Requested: | $ 51,496.85 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                          Chapter 7

RICK ALAN DAVIDSON,                                         Case No.: 19-11486 (DSJ)

          Debtor.
---------------------------------------------------------x

**FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION
AND THE REIMBURSEMENT OF EXPENSES FOR NAGEL RICE, LLP AS SPECIAL
LITIGATION COUNSEL FOR THE TRUSTEE AND FOR AN ORDER AUTHORIZING
THE TRUSTEE TO PAY LIENS AGAINST THE SETTLEMENT PROCEEDS**

**TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE**

      Nagel Rice, LLP ("Nagel Rice" or "Special Counsel"), as Special Litigation Counsel to Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rick Alan Davidson ("Debtor"), submits this application ("Application") seeking the entry of an Order: (i) authorizing and approving allowance of compensation for services rendered as Special Counsel of fees in the amount of $49,251.57 ("Fees"), and reimbursement for disbursements in the amount of $2,245.28 ("Expenses"), for a total award of $51,496.85 to Nagel Rice; (ii) authorizing the Trustee to pay Nagel Rice any such fees awarded; (iii) authorizing the Trustee to pay certain healthcare liens against the Settlement Sum in the total amount of $2,487.98 to Conduent Payment Integrity Solutions on behalf of Cigna Medical ("Conduent Payment"); and (iv) granting such other and further relief as this Court may deem just and proper. In support of the Application, Special Counsel respectfully represents and sets forth as follows:

**JURISDICTION AND STATUTORY PREDICATES**

    1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates and authority for the relief sought herein are sections 105(a) and 330 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"), rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), and the General Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy ("Guidelines").

## BACKGROUND

4. On May 7, 2019 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court").

5. By Order dated December 3, 2019, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code. See ECF No. 74.

6. Salvatore LaMonica, Esq. is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

7. Prior to the Filing Date, the Debtor engaged Nagel Rice to pursue claims stemming from an incident that occurred on or about December 23, 2016 ("Personal Injury Claims"). On the Debtor's behalf, Nagel Rice commenced an action in the Supreme Court of the State New York, County of New York, under index no 150240/2019 which is captioned *Rick Davidson v. Jared Epstein* ("Personal Injury Action"). As of the Filing Date, the Personal Injury Action was pending. A copy of the Retainer Statement, dated January 7, 2019 ("Retainer Statement"), which was submitted to the Court from Nagel Rice is annexed as **Exhibit A**.

2

8. The Debtor scheduled the Personal Injury Claims as an asset on the Debtor's Amended Schedule A/B with an unknown value. See ECF No. 60 at p. 11.

9. By Order dated July 1, 2020 ("Retention Order"), Nagel Rice was retained as special litigation counsel to the Trustee to represent the Trustee in connection with the Personal Injury Action. See ECF No. 93. A copy of the Retention Order is annexed as **Exhibit B**.

10. In accordance with a settlement approved by the Court on October 27, 2022, the Debtor waived any claim to an exemption in and to the proceeds of any settlement or recovery in the Personal Injury Action. See Adv. Pro. No.: 21-01130, ECF No. 33 at 9-10, ¶6.

11. Special Counsel, on behalf of the Trustee, and counsel for the Personal Injury Action defendant, Jared Epstein, engaged in arm's length negotiations and determined, without admitting liability of any kind, to resolve their disputes regarding the Personal Injury Claims. The parties negotiated a settlement in the amount of $150,000.00 ("Settlement Sum") in full resolution of the Personal Injury Claims asserted in the State Court Action.

12. On November 21, 2023, the Bankruptcy Court entered an Order, pursuant to Bankruptcy Rule 9019, authorizing and approving the Settlement of the Personal Injury Claims. See ECF No. 159.

## BASIS FOR RELIEF REQUESTED

13. The Retainer Statement provided for compensation to Special Counsel of a contingency fee of thirty-three percent (33%) of the net recovery of the Settlement, plus disbursements. See Exhibit A at ¶2. As set forth more fully in the accompanying Declaration of Michael J. Paragano, Esq. ("Declaration"), the net settlement amount after reduction of Special Counsel's Expenses is $147,754.72. Special Counsel requests Fees in the total amount of $49,251.57 for services rendered as Special Counsel, which reflects 33% of the net settlement

3

amount, plus $2,245.28 for Expenses. In addition, Special Counsel has advised the Trustee that Conduent Payment has asserted a lien in and to the Settlement Sum for repayment of the medical expenses incurred by the Debtor in connection with the incident underlying the Personal Injury Action. Accordingly, by this Application, Special Counsel seeks entry of an Order awarding it Fees and Expenses for services rendered to the Trustee and for authority for the Trustee to pay the Lien asserted by Conduent Payment against the Settlement Sum.

14. The Retention Order provided that Special Counsel shall be compensated in accordance with and upon application pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law.

15. Special Counsel informed the Trustee of a lien asserted by Conduent Payment in and to the Settlement Sum in the amount of $2,487.98 ("Lien") owed for the repayment of the medical expenses incurred by the Debtor in connection with the accident underlying the Personal Injury Action. Accordingly, Special Counsel requests that the Trustee be granted authority to remit payment to Conduent Payment to satisfy the Lien upon approval of this Application.

16. Pursuant to Bankruptcy Code section 330, after notice and a hearing the Court may award a professional person employed under Bankruptcy Code section 327: "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. §§ 330(a)(1)(A) and (B).

17. In accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1 and the Guidelines, and as set forth on the accompanying Declaration: (a) all services for which compensation is sought herein were rendered solely in connection with the Personal Injury Claims and not on behalf of any individual creditors and/or other persons; (b) no agreement or

understanding exists between Special Counsel and any other person for a division of compensation to be received for services rendered in, or in connection with, the Personal Injury Claims, nor shall Special Counsel share or agree to share the compensation paid or allowed from this Estate for such services with any other person; (c) Special Counsel has no agreement or understanding prohibited by §155 of title 18, United States Code or Bankruptcy Code section 504 has been, or will be, made; and (d) the Application complies with the Guidelines.

18.     The details of the work performed by Special Counsel related to the Personal Injury Claims is annexed as Schedule 1 to the Declaration. A detailed breakdown of the disbursements made and the amounts that were expended by Special Counsel in connection with the Personal Injury Claims is annexed as Schedule 2 to the Declaration.

19.     Accordingly, by this Application, Special Counsel seeks entry of an Order awarding Special Counsel final compensation in the amount of $49,251.57, and reimbursement for costs and expenses that have actually been disbursed in the amount of $2,245.28, for a total award of $51,496.85.

20.     Special Counsel submits that considering: (a) legal services provided; (b) the skill required to perform the services involved; (c) the customary fees for such work; (d) Special Counsel's experience, reputation and ability; (e) the awards under similar circumstances; and (f) the favorable results obtained, the fees and expenses sought in this Application are fair, reasonable and necessary.

21. No previous application for the relief requested herein has been made to this or any Court.

**WHEREFORE**, Special Counsel respectfully requests that this Court enter an Order: (i) authorizing and approving allowance of compensation for an award of the Fees in the amount of $49,251.57 and reimbursement of the Expenses in the amount of $2,245.28, for a total award of $51,496.85 to Special Counsel; (ii) authorizing the Trustee to pay Nagel Rice any such fees awarded; (iii) authorizing the Trustee to pay to Conduent Payment the total amount of $2,487.98 in satisfaction of the Lien in and to the Settlement Sum; and (iii) granting such other and further relief as this Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | February 13, 2024<br>Roseland, New Jersey | **NAGEL RICE, LLP**<br>Special Litigation Counsel to Salvatore LaMonica, solely as Chapter 7 Trustee |
| | By: | s/ Michael J. Paragano<br>Michael J. Paragano, Esq.<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>Telephone: (973) 618-0400 |

# EXHIBIT A

## **RETAINER STATEMENT**

**For Official Use Only**

TO:  OFFICE OF COURT ADMINISTRATION
     OF THE STATE OF NEW YORK
     Post Office Box 2016
     New York, New York 10008

NYC OCA 4177787 MAR 26 19

1. Date of agreement of Retainer:   January 7, 2019

2. Terms of Compensation:

   33% contingency plus disbursements.

3. Name and home address of client:

   Rick Davdison
   151 W. 21st Street, Apt. 6E
   New York, NY 10011

4. If engaged by an attorney, name and office retaining attorney: N/a.

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:

   Date of Accident: December 23, 2016
   Place of Accident: 971 Deerfield Road, Watermill, Suffolk County, New York

6. Not applicable.

7. Not applicable.

Dated: Roseland, NJ
       January 7, 2019

Yours, etc.,

Nagel Rice, LLP by
Michael J. Paragano
Attorneys for Plaintiff
230 Park Avenue
New York, New York 10169
Phone: (212) 551-1465

103 Eisenhower Parkway
Roseland, New Jersey 07068
Phone: (973) 618-0400
(Please respond to the NJ Office)

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                    Chapter 7

RICK ALAN DAVIDSON,                                       Case No.: 19-11486 (SMB)

           Debtor.
-----------------------------------------------------------x

### ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF NAGEL RICE, LLP AS SPECIAL LITIGATION COUNSEL FOR THE TRUSTEE PURSUANT TO 11 U.S.C § 327(e)

Upon the application (the "Application") [1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Rick Alan Davidson (the "Debtor"), seeking the entry of an Order by the United States Bankruptcy Court, for the Southern District of New York (the "Court"), pursuant to 11 U.S.C. § 327(e) (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of the Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the employment of the Nagel Rice, LLP ("NR"), to represent the Trustee as his special litigation counsel, in connection with the action pending in the Supreme Court of the State of New York, County of New York, under Index No. 150240/2019 and captioned *Rick Davidson v. Jared Epstein* (the "Personal Injury Action"); and upon the affidavit (the "Affidavit") of Bruce H. Nagel, Esq., a partner at NR; and it appearing that (i) the employment of NR is necessary and in the best interests of the Debtor's estate; (ii) NR neither holds nor represents an interest adverse to the Debtor or the Debtor's estate; and no additional notice being required, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and, it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further

**ORDERED**, that the Bankruptcy Court shall retain jurisdiction to hear and to determine all

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application.

matters arising from or related to implementation of this Order; and, it is further

**ORDERED**, that NR be retained as special litigation counsel to the Trustee in accordance with section 327(e) of the Bankruptcy Code for the purposes set forth in the Affidavit; and, it is further

**ORDERED**, that NR shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and, it is further

**ORDERED**, that NR shall use best efforts to avoid duplication of services to be provided by LaMonica Herbst & Maniscalco, LLP for the Personal Injury Action; and, it is further

**ORDERED**, that prior to any increases in NR's rates for any individual employed by NR and providing services in this case, NR shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

Dated: June **30th**, 2020
      New York, New York

                                **/s/ STUART M. BERNSTEIN**
                                Honorable Stuart M. Bernstein
                                United States Bankruptcy Judge

NO OBJECTION:
William K. Harrington
United States Trustee for Region 2

By    *s/ Andrea B. Schwartz*
        Andrea B. Schwartz, Esq. Trial Attorney